# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

No. 21-60578
Summary Calendar

Miguel Saldana Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 067 264

Before Higginbotham, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:*

Miguel Saldana Perez, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for cancellation of removal, 8 U.S.C. § 1229b(b), withholding of removal, and relief under the Convention

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Against Torture (CAT). The BIA affirmed that his conviction under Texas Penal Code § 22.01(a)(1) constituted a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E)(i) thereby rendering him statutorily ineligible for cancellation of removal. § 1229b(b)(1)(C). On review, Saldana Perez contends, and the Government agrees, that intervening precedent holds otherwise.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed under the substantial evidence test, meaning that this court may not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Questions of law are reviewed *de novo*. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Although we generally lack jurisdiction to review the BIA's discretionary decisions under § 1229b, we retain jurisdiction to review related questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(1), (a)(2)(D).

To be eligible for cancellation of removal for nonpermanent residents, an applicant must not have been convicted for a "crime of domestic violence," which "means any crime of violence" as defined by 18 U.S.C. § 16. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(i). A crime of violence under § 16(a) is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The Supreme Court recently held that offenses criminalizing reckless conduct do not qualify as violent felonies. *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021). Because § 22.01(a)(1) can be violated by "recklessly caus[ing] bodily injury to another," it is no longer a crime of violence. *Id.*; *see*

No. 21-60578

*also United States v. Olvera-Martinez*, 858 F. App'x 145, 146 (5th Cir. 2021).[1] Therefore, the BIA erred in determining that Saldana Perez was ineligible for cancellation of removal in light of his conviction under § 22.01(a)(1).

Accordingly, before we reach other, more complex issues regarding withholding of removal and relief under CAT presented in Saldana Perez's petition, judicial economy dictates that we REMAND this case to the BIA for the limited purpose of reconsidering Saldana Perez's application for cancellation of removal. The petition for review remains pending until the application for cancellation of removal is decided. The BIA is DIRECTED to forward to this court a copy of the record of proceedings on remand. The Government's motion to remand is DENIED as moot.

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is generally not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).